UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

                                                                                              <u>DECISION AND ORDER</u>

                                                                                          04-CR-6164L

               v.

ALLEN ABNEY,

                                Defendant.
_____

       This Court referred all pretrial matters to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). The defendant, Allen Abney ("Abney"), through counsel, filed several motions, only two of which are at issue here. Abney moved for disclosure of the identity of a confidential informant who assisted the Government and also moved to suppress statements made after his arrest on an indictment warrant, on November 8, 2004.

       Magistrate Judge Payson issued a Decision and Order/Report and Recommendation on February 13, 2006, denying, at this time, Abney's motion for disclosure of the identity of the confidential informant. Magistrate Judge Payson also recommended that the motion to suppress statements be denied. Defendant timely filed objections to both the decision of Magistrate Judge Payson and her Report and Recommendation.

1. Disclosure of Confidential Informant:

I agree with Magistrate Judge Payson's decision that there is no basis, at this time, to disclose the identity of the confidential informant. The Government has advised that it intends to call the confidential informant as a witness at trial. This case, therefore, is not a situation where the informant exists, but the Government declines to call him/her. Furthermore, the Government has represented that it will disclose the identity of the confidential informant when it discloses the *Jencks* Act statements, at least three weeks before trial, or during the final pretrial conference, whichever occurs first. Therefore, the identity of the confidential informant will eventually be disclosed and counsel would appear to have more than ample time to prepare for trial.

The Government is advised, though, that if the confidential informant will be disclosed as a material witness, there is a burden on the Government, if it elects not to disclose the identity at this time, that it make sure that the confidential informant remains available and does not disappear and, become unavailable at trial.

2. Suppression of Statements.

Magistrate Judge Payson set forth in detail the facts surrounding the contact between defendant and Special Agents James Lewer and Brian Pelletier of the Bureau of Alcohol, Tobacco and Firearms ("ATF"). Those agents were the only witnesses at the suppression hearing. Abney did not testify and provided no further evidence.

Magistrate Judge Payson accepted the testimony of the agents that Abney was fully advised of his *Miranda* rights, and that he voluntarily agreed to waive them and talk with the agents.

Although Abney apparently refused to sign the *Miranda* form, acknowledging that he had received his rights and refused to sign a written statement, Magistrate Judge Payson accepted the testimony of the agents that *Miranda* rights had been given and that Abney stated his understanding of those rights and agreed to waive them and speak with the agents. There was no testimony or other evidence to indicate anything to the contrary and no reason not to accept the agents' testimony.

Based on the facts presented, I agree with Magistrate Judge Payson that the Government sustained its burden of demonstrating that Abney waived both his Fifth and Sixth Amendment rights.

CONCLUSION

I affirm Magistrate Judge Marian W. Payson's decision delaying disclosure of the confidential informant. I accept and adopt Magistrate Judge Payson's Report and Recommendation concerning defendant's statements. Defendant's motions to suppress statements (Dkt. ## 48, 87) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 10, 2006.