UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                      <u>DECISION AND ORDER</u>

                                                      04-CR-6164L
                                                      07-CV-6126L

              v.

ALLEN ABNEY,

                              Defendant.
_____

       On May 30, 2006, following a jury trial, defendant Allen Abney was found guilty of one

count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C.

   § 922(g)(1).  Abney was sentenced by this Court on February 9, 2007.

       At sentencing, Abney insisted that he wanted to proceed *pro se*.  The Court allowed him to

do so, although his appointed trial attorney remained as standby counsel until being relieved by the

Court on February 15, 2007.

       On February 12, 2007, Abney filed a *pro se* notice of appeal.  On March 5, he also filed a

*pro se* habeas corpus petition in this Court pursuant to 28 U.S.C. § 2255.  That petition raises a host

of claims, ranging from speed-trial violations to selective prosecution and ineffective assistance of

counsel.

Abney's § 2255 motion must be dismissed.  Although "there is no *jurisdictional* bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," *United States v. Outen*, 286 F.3d 622, 632 (2ᵈ Cir. 2002); *accord United States v. Prows*, 448 F.3d 1223, 1228 (10ᵗʰ Cir. 2006), the district "should only do so in extraordinary circumstances given the potential for conflict with the direct appeal." *Prows*, 448 F.3d at 1223; *see also Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968) ("there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but ... the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances").  *See*, *e.g.*, *Nuey v. United States*, No. 06 Civ. 4367, 2007 WL 465214, at *1 (S.D.N.Y. Feb. 9, 2007) (dismissing § 2255 petition without prejudice where petitioner's direct appeal was pending); *Phillips v. People of United States*, Civ. A. No. 93-CV-0147, 1993 WL 147454, at *2 (N.D.N.Y. May 3, 1993) (same).

In the case at bar, Abney's notice of appeal was only recently filed, and it is not even clear what claims he intends to raise in his direct appeal.  Given the obvious potential for conflict between his appeal and his § 2255 motion, I see no extraordinary circumstances that would warrant allowing defendant to pursue his § 2255 motion while his direct appeal remains pending before the Court of Appeals.

**CONCLUSION**

The petition of Allen Abney to vacate the Judgment and Conviction in this case, pursuant to 28 U.S.C. § 2255 (Dkt. #143) is in all respects denied and the petition is dismissed without prejudice to refiling after Abney's direct appeal becomes final.

- 2 -

I decline to issue a certificate of appealability because Abney has failed to make a substantial showing of the denial of a constitutional right.  (28 U.S.C. § 2253(c)(2)).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 27, 2007.