UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                      Plaintiff,

DECISION AND ORDER

04-CR-6164L
09-CV-6506L

         v.

ALLEN ABNEY,

                                      Defendant.
_____

       Allen Abney ("Abney") was convicted after a jury trial of possessing a firearm after having been convicted previously of a felony. Abney was sentenced principally to a term of 240 months imprisonment based on this Court's finding that he was an armed career criminal. Abney appealed but the United States Court of Appeals for the Second Circuit dismissed the appeal on the Government's motion.

       Abney has now filed, *pro se,* a motion to vacate or set aside the sentence pursuant to 28 U.S.C. § 2255. That motion is denied and this proceeding is dismissed.

       Abney once again claims that the Government lacked personal jurisdiction and subject matter jurisdiction over his prosecution. This claim was previously raised by Abney in his *pro se* filings before the Second Circuit and by dismissing the appeal, that Court found those claims to be frivolous and without merit.

Proceedings under § 2255 may not be used to relitigate and reargue matters that have been raised on direct appeal, without success. Since the claims now raised by Abney were raised on direct appeal, those same claims are dismissed here.

Abney raises other claims in this petition, all of which could have been raised on direct appeal. The Government points this out in its response to Abney's motion. The law is clear that a defendant generally may not file new claims, which could have been raised on direct appeal, in a § 2255 petition. All of the claims now raised here could have been raised on direct appeal and Abney's failure to do so bars this Court's consideration of them now.

Abney also makes conclusory statements that his trial counsel provided ineffective assistance of counsel. The standards for determining such claims under *Strickland v. Washington,* 466 U.S. 668 (1984) are clear. A defendant must demonstrate that his lawyer's performance was deficient as measured by an objective standard and must also demonstrate that the deficient performance prejudiced his case. In this case, Abney cannot prove either prong of that test.

After Abney's original retained lawyer withdrew, the Court appointed another experienced criminal lawyer to represent Abney. This attorney was originally appointed to advise Abney relative to Abney's request to proceed *pro se.* After conferring with counsel, Abney advised the Court that he was comfortable with this attorney and proceeded to trial represented by counsel.

The record reflects that this attorney did vigorously represent Abney at trial. Motions were filed and he presented a thorough and aggressive defense considering the nature of the evidence presented by the Government.

At sentencing, Abney once again requested to proceed *pro se* in spite of the Court's admonition and recommendation that he reconsider such a request. The Court did allow Abney to proceed *pro se* but kept counsel as standby-counsel. Eventually, Abney declined to participate at the sentencing proceeding.

After reviewing Abney's petition and the Government's response, as well as my recollection of the pretrial and trial proceedings, Abney has failed to demonstrate either that his appointed counsel was deficient in any respect or that he suffered prejudice from counsel's actions.

CONCLUSION

The *pro se* petition of Allen Abney to vacate the judgment pursuant to 28 U.S.C. § 2255 (Dkt. #179) is denied and the proceeding is dismissed.

Abney's Motion for a Subpoena Duces Tecum (Dkt. #156) is denied as moot.

Abney's Motion for Miscellaneous Relief (Dkt. #181) is denied as moot.

I decline to issue a certificate of appealability because Abney has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 25, 2010.