```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

 ALLEN ABNEY,                                 No. 16-CV-6064
                                              No. 04-CR-6164
                         Movant,
         -vs-                                 DECISION AND
                                              ORDER
 UNITED STATES OF AMERICA,

                         Respondent.
_____
```

## I. INTRODUCTION

Movant Allen Abney ("Abney"), a federal prisoner currently serving a sentence of 240 months' imprisonment for possession of a firearm as an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(e), moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. Abney was convicted, by jury verdict, of that offense on May 26, 2006, and he was sentenced by United States District Judge Hon. David G. Larimer on February 7, 2007.

Abney was adjudicated an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on more than three prior convictions in Pennsylvania, which were found by the sentencing court to qualify as either "violent felonies" or "serious drug offenses" as defined by the ACCA. The sentencing court cited the following prior felony convictions, all in Pennsylvania, when it adjudicated Abney an armed career criminal: 1985 aggravated assault conviction; 1987 delivery of a controlled substance conviction; 1987 possession with intent to deliver a

controlled substance conviction; 1989 indecent assault conviction; and 1998 possession with intent to deliver a controlled substance conviction. The court appeared to rely on Abney's presentence investigation report ("PSR"), completed by the probation department, which asserted that the aggravated assault conviction and the controlled substances convictions qualified Abney as an armed career criminal under the ACCA.

Abney filed a timely motion pursuant to 28 U.S.C. § 2255 to vacate his sentence on May 20, 2016 wherein he asserts that his prior convictions did not qualify as the predicate convictions necessary for enhancement under the ACCA. Abney specifically argues that each of his prior assault convictions constituted a violent felony only under the ACCA's residual clause, which was invalidated by the Supreme Court in *United States v. Johnson*, 135 S.Ct. 2551 (2015) (holding that the residual clause was unconstitutionally vague) (hereinafter, "*Johnson*"). The Government does not dispute the retroactive impact of the *Johnson* holding with respect to its invalidation of the ACCA's residual clause. The Government responds, however, that *Johnson* is not applicable to Abney's aggravated assault conviction, and, in any event, Abney retains his armed career criminal status because he has three prior serious drug offense convictions.

For the reasons stated below, the Court grants Abney's motion to correct his sentence.

## II. **DISCUSSION**

The ACCA provides that an armed career criminal is a person who violates 18 U.S.C. §§ 922(g) and has three previous convictions by any court for a violent felony or a serious drug offense, or both, committed on occasions different from one another. *See* 18 U.S.C. § 924(e). The Supreme Court in *Johnson* addressed the constitutionality of the ACCA's residual clause, which provided that a prior conviction qualified as a violent felony for purposes of the sentencing enhancement if it "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson* held that the imposition of an increased sentence under the residual clause violated due process, as guaranteed by the Fifth Amendment of the United States Constitution, because the residual clause was so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S.Ct. at 2557.

At sentencing, Judge Larimer noted that Abney's criminal history consisted of nine prior convictions, including the aggravated assault and three controlled substance convictions listed in the PSR as ACCA predicates and his prior conviction for indecent assault. Of the nine convictions listed and considered by the court on the record, none were specifically designated as ACCA predicates.

The Government contends that even without the aggravated assault conviction, Abney has three prior drug convictions that the sentencing court apparently determined to be predicates under the "serious drug offense" prong of the ACCA, which the Government argues is unaffected by the ruling in *Johnson*. Abney replies that the Government is improperly attempting to apply a harmless error analysis to a *Johnson* violation where it is unclear whether the court relied on the ACCA's residual clause when it applied armed career criminal treatment. Abney contends that because the sentencing court referred to two prior felony assault convictions while listing his criminal history, it must be concluded that at least one of those convictions was qualified as a predicate violent felony under the residual clause of the ACCA and, therefore, resentencing is required.

The PSR stated that Abney had been convicted of

> "Aggravated Assault, Delivery of a Controlled Substance, and Possession with Intent to Deliver a Controlled Substance (on two different occasions). As these are controlled substance or violent offenses, and since the instant offense is a conviction for 18 USC § 922(g), the defendant is an Armed Career Criminal within the meaning of §4B1.4 and 18 USC § 924(e)."

PSR, p. 7. The sentencing transcript reveals that Judge Larimer referred to the PSR and noted that "Mr. Abney's three prior convictions . . . make[] him an armed career offender." (Docket No. 224, p. 10). The Court continued and found that:

> The Government's submission . . . does set forth the records concerning Mr. Abney's prior felony convictions indicating dates and times, also with fingerprint cards,

4

> which the Court has reviewed. I believe this information has a sufficient indicia of reliability to be accepted by the Court. And although -- well, even if there were a challenge to these prior convictions, by this filing of the Government, which I accept, they do appear to be reliable and indicate Mr. Abney's several prior convictions here, which do make him an armed career offender under the statute. Therefore, I find that Probation correctly, based on the submission of the Government and the items in the presentence report, established that his criminal history category is a VI, and the range is 235 to 293 months."

(Docket No. 224, p. 10-11). Later in the proceeding, Judge Larimer found that: "Mr. Abney is an armed career offender and . . . his criminal history would be VI regardless of whether he's an armed career offender because he has so many prior convictions; I believe nine or ten at my count, four of them felonies." Judge Larimer then listed all nine prior convictions, two assault convictions and seven drug offense convictions, and concluded that: "All of these sentences certainly corroborate the fact that Mr. Abney is a career criminal and an armed career offender under the statute."

With respect to his aggravated assault conviction, the Government asserts that Abney pleaded guilty in 1985 to one count in violation of 18 Pa. Con. Stat. Ann. § 2702(a)(4), which provides that a person is guilty of such offense if he "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." 18 Pa. Con. Stat. Ann. § 2702(a)(4). Abney argues that (1) the Government has failed to provide the requisite documentation, as defined in *Shepard v. United States*, 544 U.S. 13,

26 (2005), establishing which section of the statute Abney pleaded guilty, and (2) that nonetheless, because this aggravated assault statue can be violated with indirect, non-violent force, it cannot constitute a "violent felony" under the ACCA.

The Court need not reach the issue whether Abney's conviction for aggravated assault constitutes a "violent felony" pursuant to the ACCA post-*Johnson* because, for the reasons stated below, the Court cannot ascertain from the record specifically which prior convictions were considered to constitute violent felonies or serious drug offenses, or under which specific provision of the ACCA the prior convictions were classified.  As a result, the record is ambiguous as to whether the sentencing court relied on the residual clause when armed career criminal treatment was imposed.

Title 18, United States Code, Section 3443(c) requires a sentencing court to "state in open court the reasons for its imposition of the particular sentence."  Under this provision, a defendant is entitled to know the specific convictions on which an ACCA enhancement is recommended and imposed. *See Oyler v. Boles*, 368 U.S. 448, 452 (1962) ("[A] defendant must receive reasonable notice and an opportunity to be heard relative to [a] recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense."); *United States v. Moore*, 208 F.3d 411, 414 (2d Cir. 2000) ("It is settled that due process requires that a defendant have notice and an opportunity to

contest the validity or applicability of the prior convictions upon which a statutory sentencing enhancement is based.").

The sentencing court relied on the findings contained in the PSR, which asserted four predicate convictions as the basis of Abney's armed career criminal status. The sentencing court determined under then-existing law that these prior convictions qualified Abney as an armed career criminal under the ACCA. However, in light of *Johnson*, the Court is unable to ascertain whether these prior convictions continue to support that determination. During the sentencing proceeding, the court stated that Abney had four prior felony convictions but did not indicate which of these convictions were ACCA predicates and under which specific provisions they were found qualified. In particular, the sentencing court did not state whether it was considering Abney's prior conviction for indecent assault, which the parties agree is only applicable to career offender status under the residual clause, as an ACCA predicate. Moreover, it appears that Abney's two 1987 drug convictions likely occurred on the same occasion and, therefore, may constitute only one serious drug offense. That remains to be determined. In light of the Government's failure to establish three prior serious drug offense convictions with the requisite documentation, the Court finds that the current record is unclear in determining whether Abney's classification as an armed career criminal was predicated on the ACCA's residual clause.

Based on the foregoing questions regarding which of Abney's prior convictions were considered as ACCA predicates, the Court is

unable to determine at this time that Abney's designation as an armed career criminal was independent of an invalidated residual clause.  *See Johnson*,135 S. Ct. at 2557.  Therefore, the Court grants Abney's motion to the extent that the matter shall be transferred to Judge Larimer for resentencing. As the original sentencing judge, Judge Larimer is in the best position to resolve the afore-mentioned ambiguities and determine Abney's status as an armed career criminal under the ACCA post-*Johnson*.

## III. Conclusion

It is hereby

**ORDERED** that Abney's Motion to Correct Sentence under 28 U.S.C. § 2255 (Docket No. 227) is granted to the extent that the matter is transferred to Hon. David G. Larimer, the original sentencing judge, for resentencing.

**ALL OF THE ABOVE IS SO ORDERED.**

\_S/ Michael A. Telesca_____
MICHAEL A. TELESCA
United States District Judge

Dated:    March 1, 2017
          Rochester, New York