UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLEN ABNEY,<br><br>                              Movant,<br>-vs-<br>UNITED STATES OF AMERICA,<br>                           Respondent. | No. 16-CV-6064<br>No. 04-CR-6164<br><br>**DECISION AND ORDER** |

## I.   <u>INTRODUCTION</u>

Allen Abney ("Abney") is a federal prisoner currently serving a sentence of 240 months' imprisonment for possession of a firearm as an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(e). Abney was convicted by jury verdict on May 26, 2006, and he was sentenced by United States District Judge Hon. David G. Larimer on February 7, 2007. Abney was adjudicated an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based his prior convictions in Pennsylvania, which were found by the sentencing court to qualify as either "violent felonies" or "serious drug offenses" as defined by the ACCA. On May 20, 2016, Abney moved this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.

In his § 2255 motion, Abney asserted that of the five prior convictions at issue, his prior assault convictions did not constitute violent felonies but for the ACCA's residual clause, which was invalidated by the Supreme Court in *United States v. Johnson*, 135 S.Ct. 2551 (2015) (holding that the residual clause was unconstitutionally vague) (hereinafter, "*Johnson*"). The

Government argued, among other things, that Abney's armed career criminal status should be preserved due to his three prior drug offense convictions.

By Decision and Order, entered March 1, 2017, this Court granted Abney's motion to vacate his sentence. The Government now moves for reconsideration of the Court's March 1, 2017 Order granting Abney's motion and transferring the case to Judge Larimer for re-sentencing. The Government's memorandum in support of its motion for reconsideration asserts that this Court erred in rejecting its initial argument that Abney's ACCA status is upheld by his three prior drug convictions.

Although the Government does not provide the authority under which it brings this motion for reconsideration, the Court will presume that the motion is brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Pica v. United States*, No. 13-CV-1150, 2017 WL 1079972, at *2 (E.D.N.Y. Mar. 21, 2017)(holding that a motion for reconsideration of an order dispensing of a Section 2255 petition is properly treated as a Rule 59(e) motion if filed within 28 days of the order)(citing *United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993)); *Stinson v. United States*, No. 01-CR-6087-CJS, 2012 WL 5288758, at *1 (W.D.N.Y. Oct. 23, 2012). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The Court has throughly considered the argument raised by the Government here and notes that it was previously raised in the Government's original memorandum of law in response to Abney's motion to vacate his sentence. As the parties are well aware, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Not only is the Government seeking to relitigate an issue that has already been rejected by this Court, it has failed to point to any controlling decisions or data overlooked by the Court that could "reasonably be expected to alter the conclusion reached" in its March 1, 2017 Decision and Order. *Shrader*, 70 F.3d at 257. Were the Court to consider the merits of this motion, it would find the Government's reliance on *United States v. Malone*, No. 09-20159-01-KHV, 2016 WL 7386244, at *4 (D. Kan. Dec. 21, 2016)(finding that the sentencing court had qualified defendant as a career offender based on his prior drug convictions) to be unpersuasive.

Consequently, the Government's motion for reconsideration is denied.

### CONCLUSION

It is hereby

**ORDERED** that the Government's motion for reconsideration (Docket No. 254) of this Court's March 1, 2017 Decision and Order is **denied,** and it is further

**ORDERED** that this matter is transferred to District Judge David G. Larimer, the original sentencing judge, for resentencing.

**ALL OF THE ABOVE IS SO ORDERED.**

                                               S/ Michael A. Telesca
                                               MICHAEL A. TELESCA
                                               United States District Judge

Dated:    April 25, 2017
            Rochester, New York